PHILLIP AVERY SCALES,

                      Plaintiff,

  v.                                             Case No. 19-cv-1360-pp

PATRICK NOONAN, MICHAEL SAULYS,
JAMES THOMPSON, RYAN GIBBS,
AMANDA OBERNBERGER, CAROL JEGLUM,
EZEKIAL BURTARDT, BECKY KNECHT,
LPN NICOLE, JOHN DOE 1,
and JOHN DOE 2,

                      Defendants.

**ORDER DENYING DEFENDANTS JEGLUM AND OBERNBERGER'S MOTION FOR SUMMARY JUDGMENT (DKT. NO. 89), DISMISSING DOE DEFENDANTS AND DEFENDANT LPN NICOLE AND SETTING DEADLINES FOR DISCOVERY AND DISPOSITIVE MOTIONS**

       Phillip Avery Scales, representing himself, filed a complaint alleging that the defendants violated his civil rights under 42 U.S.C. §1983 by failing to address his dislocated shoulder and using excessive force while he was confined at the Racine County Jail. Dkt. No. 1. The court screened the complaint and allowed the plaintiff to proceed on a medical care claim against defendants Ryan Gibbs, Amanda Obernberger (previously identified as Nurse Amanda), James Thompson, Michael Saulys, Carol Jeglum (previously incorrectly identified as Sara Jeggler and Carol Jegglum), Becky Knecht (previously identified as CO Knegt), Ezekial Burtardt, Patrick Noonan and LPN

1

Nicole. Dkt. No. 20 at 8-9.[1] The court also allowed the plaintiff to proceed on an excessive force claim against defendants Noonan and John Does 1 and 2. Id. at 9. Defendants Jeglum and Obernberger ("Medical Defendants") have filed a motion for summary judgment in which they contend that the plaintiff failed to exhaust his administrative remedies. Dkt. No. 89.

As an initial matter, defendants LPN Nicole and John Does 1 and 2 have not been identified or served. On November 30, 2020, Magistrate Judge William E. Duffin issued an amended scheduling order directing the plaintiff to use discovery to determine the real names of John Does 1 and 2 and LPN Nicole and to identify them, or explain why he could not do so, by March 5, 2021. Dkt. No. 29. On January 13, 2021, Judge Duffin issued a second amended scheduling order, extending that deadline to March 15, 2021. Dkt. No. 40. On April 12, 2021, Judge Duffin issued a third amended scheduling order, further extending that deadline to May 12, 2021. Dkt. No. 62. On April 22, 2021, Judge Duffin again ordered that by May 12, 2021, the plaintiff must either identify the real names of LPN Nicole and John Does 1 and 2 or explain why he was unable to do so, or the court would dismiss them as defendants. Dkt. No. 64. The plaintiff has not identified LPN Nicole and John Does 1 and 2, nor has he explained why he did not do so. The court will dismiss these defendants.

---

[1] The screening order incorrectly designates the first page of the order as page 2. This results in an inconsistency in the pagination between the document itself and CM/ECF. The court cites the CM/ECF page numbering, which correctly designates the first page of the screening order as Page 1.

2

## I. Facts[2]

On June 21, 2019, the plaintiff was confined at the Racine County Jail. Dkt. No. 90 at ¶2. The plaintiff alleges that he was denied adequate medical care for a dislocated shoulder on the night of July 23-24, 2019. Id. at ¶4.

The jail has instituted an inmate grievance process. Id. at ¶5. Inmates must submit an "Inmate Request" form to a sergeant within seven days of the occurrence. Id. The sergeant investigates the grievance and provides a response within fourteen days. Id. If an inmate is dissatisfied with the sergeant's response, he may file an appeal to the captain. Id. at ¶6. The captain reviews the appeal and provides a response to the inmate. Id.

The jail provided to counsel for the Medical Defendants records relating to the plaintiff's confinement there. Dkt. No. 100 at ¶2. These records contained no grievances related to the plaintiff's shoulder and alleged inadequate treatment. Dkt. No. 90 at ¶10.

In response to the defendants' motion for summary judgment, the plaintiff provided the court with two inmate grievances he submitted related to his shoulder injury allegations that were not contained in the records the jail provided to the defendants. Dkt. No. 95-1; Dkt. No. 100 at ¶3. The first grievance is directed to Sergeant Gonzales, dated July 27, 2019, and appears to have been received by jail staff the following day. Dkt. No. 95-1 at 1. The second grievance is directed to Lieutenant Chavez, dated August 7, 2019, and

---

[2] The court includes only material, properly supported facts in this section. See Fed. R. Civ. P. 56(c).

appears to have been received by jail staff on August 9, 2019. Id. at 2. The content of the two grievances is virtually identical, discussing the plaintiff's arm being twisted under him, his attempts to get a nurses attention, his passing out on the floor and his subsequent interactions with staff. Id. at 1-2.

The Medical Defendants served the plaintiff with discovery requests, including requests for production, on or about July 13, 2021. Dkt. No. 100 at ¶4. They sought documents that would have included the grievances the plaintiff produced in opposition to summary judgment. Id. at ¶5. On July 19, 2021, the plaintiff provided a discovery response which included a statement that because he was incarcerated, he could not provide the defendants with any documents. Id. at ¶6.

**II.  Analysis**

  A.  Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); Ames v. Home Depot U.S.A., Inc., 629 F.3d 665, 668 (7th Cir. 2011). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." See Anderson, 477 U.S. at 248. A dispute over "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.

A party asserting that a fact cannot be, or is, genuinely disputed must support the assertion by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).

B.  Exhaustion of Administrative Remedies

The Prison Litigation Reform Act (PLRA) provides that an inmate cannot assert a cause of action under federal law "until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a); see also Woodford v. Ngo, 548 U.S. 81, 93 (2006) (holding that the PLRA requires proper exhaustion of administrative remedies). Exhaustion requires that an inmate comply with the rules applicable to the grievance process at the inmate's institution. Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir. 2002). This requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). The objective of §1997e(a) is to permit the institution's "administrative process to run its course before

5

litigation begins." Dole v. Chandler, 438 F.3d 804, 809 (7th Cir. 2006) (quoting Cannon v. Washington, 418 F.3d 714, 719 (7th Cir. 2005)); see also Kaba v. Stepp, 458 F.3d 678, 684 (7th Cir. 2006). The Seventh Circuit applies a "strict compliance approach to exhaustion" and expects inmates to adhere to "the specific procedures and deadlines" established by the institution's policy. Dole, 438 F.3d at 809; see also Hernandez v. Dart, 814 F.3d 836, 842 (7th Cir. 2016) (citations omitted). The exhaustion requirement is interpreted strictly and a "prisoner must comply with the specific procedures and deadlines established by the prison's policy." Pyles v. Nwaobasi, 829 F.3d 860, 864 (7th Cir. 2016) (quoting King v. McCarty, 781 F.3d 889, 893 (7th Cir. 2015)). But "[r]emedies that are genuinely unavailable or nonexistent need not be exhausted." Id.

    C.    Discussion

In their brief-in-chief, the Medical Defendants argued that the plaintiff failed to exhaust his administrative remedies because he never grieved the alleged denial of medical care for his shoulder. Dkt. No. 91 at 7. In response, the plaintiff stated that he had exhausted his administrative remedies, submitted the two grievances and stated that the "document with the captain" was at a residence in safekeeping. Dkt. No. 95. The Medical Defendants replied that the grievances the plaintiff submitted cannot save his claims because he did not comply with the jail's grievance policy. Dkt. No. 101 at 4.

It is undisputed that the records the jail provided to the Medical Defendants did not include grievances related to the plaintiff's shoulder injury allegations. Based on the inmate grievances the plaintiff filed in response to the

6

motion for summary judgment, the Medical Defendants now acknowledge that the plaintiff submitted grievances on July 27, 2019 and August 7, 2019. They contend, however, that because the plaintiff filed his initial grievance on July 27, 2019, he could not file an appeal to the captain until August 10, 2019, and that he failed to wait the required period by submitting his appeal to Lieutenant Chavez on August 7, 2019. Dkt. No. 101 at 3-4. The Medical Defendants also contend that if the plaintiff's August 7, 2019 grievance to Lieutenant Chavez was intended to be a new initial grievance, it was untimely because the plaintiff submitted it more than seven days after the July 23, 2019 incident. Id. at 4.

It does not appear that the plaintiff intended the August 7, 2019 grievance to Lieutenant Chavez to be an appeal because it is not directed to the captain. The plaintiff's unsworn response states that he "does not have the document with the captain on me here for it is at a residence in safekeeping[.]" Dkt. No. 95. Even if the plaintiff intended the submission to Lieutenant Chavez to be an appeal, the court cannot conclude that the plaintiff failed to wait the required period by submitting it on August 7, 2019 instead of waiting until August 10, 2019 (fourteen days from the July 27, 2019 grievance). The jail rules provide that a response to a grievance will be provided within fourteen days and that if a grievance is denied, an appeal may be filed with the jail captain within seven days after the denial was received. Dkt. No. 92-4 at 3. Neither party has provided information regarding the existence of responses to

7

grievances, and without that information, the court cannot conclude that the plaintiff's August 7, 2019, submission was premature.

If the plaintiff's August 7, 2019, grievance to Lt. Chavez was a new grievance, the court agrees that it would have been untimely under jail rules because he did not submit it within seven days of the incident. The untimeliness is irrelevant, however, because the plaintiff timely submitted a nearly identical grievance on July 27, 2019.

The Medical Defendants' summary judgment motion focused exclusively on whether the plaintiff filed any grievances related to his shoulder and alleged inadequate treatment. The parties now agree that he did. The defendants have not argued, nor does the record establish, that the plaintiff did not file an appeal. Exhaustion is an affirmative defense and the defendants have the burden to show the plaintiff's failure to exhaust. Pyles v. Nwaobasi, 829 F.3d 860, 864 (7th Cir. 2016) (citing Maddox v. Love, 655 F.3d 709, 720 (7th Cir. 2011)); see also Hernandez v. Dart, 814 F.3d 836, 840 (7th Cir. 2016). The defendants have not met their burden to prove that the plaintiff failed to exhaust his administrative remedies. The court will deny their motion for summary judgment.

### III. Conclusion

The court **DENIES** defendants Jeglum and Obernberger's motion for summary judgment on exhaustion grounds. Dkt. No. 89.

The court **DISMISSES** defendants LPN Nicole and John Does 1-2.

The court **ORDERS** that parties must serve their discovery requests by a date sufficiently early so that discovery is completed no later than the end of the day on **July 29, 2022,** and parties may file motions for summary judgment on the merits, together with supporting materials, no later than the end of the day on **September 2, 2022**.

Dated in Milwaukee, Wisconsin this 30th day of March, 2022.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**