PHILLIP AVERY SCALES,

                Plaintiff,

v.                                                    Case No. 19-cv-1360-pp

PATRICK NOONAN, MICHAEL SAULYS,
JAMES THOMPSON, RYAN GIBBS,
AMANDA OBERNBERGER, CAROL JEGLUM,
EZEKIAL BURTARDT and BECKY KNECHT,

                Defendants.

## ORDER DISMISSING CASE WITH PREJUDICE

Phillip Avery Scales, representing himself, filed a complaint alleging that the defendants violated his civil rights under 42 U.S.C. §1983 by failing to address his dislocated shoulder and using excessive force while he was confined at the Racine County Jail. Dkt. No. 1. On June 10, 2022, defendants Jeglum and Obernberger (Medical Defendants) filed an amended motion to dismiss for failure to prosecute or, in the alternative, to compel the plaintiff to respond to written discovery requests. Dkt. No. 116. The plaintiff did not file a response to that motion and on July 11, 2022, the court ordered the plaintiff to file a response in time for the court to receive it by July 25, 2022. Dkt. No. 117. The court also ordered that if it had not received the plaintiff's response by July 25, 2022, the court might dismiss this case for lack of diligence. <u>Id.</u> As of the date of this order, the court has not received a response from the plaintiff.

When the plaintiff filed the complaint in September 2019, he was incarcerated at the Racine County Jail. Dkt. No. 1. On December 16, 2019, the court received a letter from the plaintiff indicating that he had been released

1

and that the court should send his mail to 7240 Woodstock Curve, Bloomington, Minnesota. Dkt. No. 17. On April 24, 2020, the court received another letter, indicating that he was back at the Racine County Jail. Dkt. No. 18. On December 2, 2020, the court received an undated letter from the plaintiff indicating that the plaintiff again had been released and was living at the Bloomington, Minnesota address; the return address on the envelope, however, was the address for the Racine County Jail. Dkt. No. 30. Two weeks later, the court received an undated letter from the plaintiff, indicating that for over thirty days, the plaintiff had been reincarcerated at the Racine County Jail. Dkt. No. 36. On February 17, 2021, the court received an undated letter from the plaintiff asking that his address be changed to 1312 Center Street, Racine, Wisconsin; again, the return address on the envelope was the Racine County Jail address. Dkt. No. 57. On October 14, 2021, the court received another undated letter from the plaintiff, again asking to have his address updated to 1312 Center Street in Racine. Dkt. No. 109. That was the last *written* change-of-address notice the court received from the plaintiff.

On May 5, 2022, the clerk's office received a phone call from the plaintiff, advising staff that his address needed to be updated to 1028 Perry Avenue, Racine, Wisconsin 53406. The clerk's office staff member who spoke with the plaintiff updated the address on the docket, but advised the plaintiff that he needed to file *written* notice of his change of address. The court never has received that written notice. The defendants filed a certificate of service with their amended motion to dismiss, indicating that they had mailed the motion to the plaintiff at the Perry Avenue address. Dkt. No. 116-1. The court mailed its July 11, 2022 order to the plaintiff at the Perry Avenue address and it has not been returned to the court as undeliverable. The court and the defendants have

2

communicated with the plaintiff at the last address he provided, and he has not responded.

"Whenever it appears to the Court that the plaintiff is not diligently prosecuting the action . . ., the Court may enter an order of dismissal with or without prejudice." Civil Local Rule 41(c) (E.D. Wis.). When the plaintiff did not file a response to the defendants' motion to dismiss or compel, the court gave him one more opportunity to respond and warned him that failure to respond may result in dismissal of this case. The plaintiff did not file anything in response to the court's order. On July 29, 2022, counsel for the Medical Defendants filed a letter stating that he has not received responses to the discovery requests from the plaintiff or any communication otherwise. Dkt. No. 118. Based on the plaintiff's failure to respond to the court's order, it appears that he no longer wants prosecute this case. The court will dismiss the case with prejudice. See Civil L.R. 41(c).

The court **GRANTS** the defendants' amended motion to dismiss. Dkt. No. 116.

The court **ORDERS** that this case is **DISMISSED WITH PREJUDICE**. The clerk will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within 30 days of the entry of judgment. See Federal Rule of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Federal Rule of Appellate Procedure 4(a)(5)(A).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The court cannot extend this deadline. See Federal Rule of Civil Procedure 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Federal Rule of Civil Procedure 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 9th day of August, 2022.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**